PETITION OF THE BANK OF AMERICA *et al.* for the appointment of a Receiver of the Estate of Sackett, Davis & Co.

Under Pub. Laws R. I. cap. 723, §§ 1, 2, of June 20, 1878, making an assignment which did not purport to create illegal preferences, but which from its terms was adjudged void and fraudulent as against creditors, is not such an act or omission to act as will justify the court in appointing a receiver of the insolvent assignor's estate, although by such assignment the assignor has disabled himself from vacating attachments laid upon the assigned property after the assignment as he otherwise might have done under § 1.

IMMEDIATELY after the opinion in the last preceding case had been delivered, many creditors of the firm of Sackett, Davis & Co. attached the realty of the copartners to a large amount. Thereupon the Bank of America and other creditors of the firm, December 23, 1880, filed their petition, praying that a receiver of the firm property and of the estates of the copartners might be appointed under Pub. Laws R. I. cap. 723,[1] § 2, of June 20, 1878. The petition set forth the execution of the trust deed of December 5, 1878, the insolvency of the copartnership, the levy of attachments by various creditors, and stated that the petitioners held more than one third in amount of the debts of the partnership and of the copartners ; the petitioners also claimed that the execution and delivery of the trust deed of December 5, 1878, was such an act as would bring the insolvent grantors within the provision of § 2 of the above mentioned chapter.

*January* 8, 1881. DURFEE, C. J. We think the petition must be denied. It is preferred under Pub. Laws R. I. cap. 723, § 2, of June 20, 1878. It is provided by § 2 that on a petition

[1] Printed in full, *ante*, p. 156, *sq.*

preferred as there prescribed, a receiver may be appointed to take possession of the property of the debtor and distribute it equally among his creditors, whenever the debtor, " being insolvent, shall do any act or make any conveyance whereby any one of his creditors shall obtain a preference over any other of his creditors, or knowingly omit to do any act which he might lawfully do to prevent one of his creditors from obtaining a preference over his other creditors, contrary to the intent of the act." The petitioners do not claim that the debtors here have *knowingly* been guilty of any omission which will warrant the granting of the petition. They contend that the debtors have made a conveyance, to wit: the assignment of December 5, 1878, whereby certain of their creditors have obtained or will obtain, unless prevented, a preference over the others. The assignment, however, does not on its face purport to create any preferences except such as cap. 723 allows. The petitioners do not contend that in itself it does create any unauthorized preferences, but they contend that it is a conveyance *whereby* certain creditors have obtained preferences in this way, to wit : the assignment was fraudulent and void as against creditors, so that in spite of it, creditors could make valid attachments or levies on the assigned property ; certain creditors did make such attachments and levies ; and whereas the debtors might have defeated them but for this assignment by making assignments under § 1, they disabled themselves from so doing by the assignment; *Gardner* v. *Commercial National Bank, ante* p. 155, whereby the attaching creditors have obtained a preference over the others who have not attached or who did not attach until afterwards. It will be seen that the result is not reached without a good deal of circuity. The question is whether the language used in § 2 will bear the construction which the petitioners are obliged to put upon it in order to reach the result. We think the construction is too strained and unnatural to be admissible. When a statute speaks of a conveyance whereby a preference or other benefit is obtained, it is naturally understood to mean a conveyance which creates the preference or grants the benefit ; and it is straining the language to hold that it extends to a conveyance which simply affords an opportunity to persons not directly preferred or benefited by it to

obtain a preference or benefit by their own independent action, even though the maker of the conveyance has by making it disabled himself from defeating them. The construction would have nothing to commend it were it not that, if it could be adopted, it would promote the purposes of the statute. For this reason we should have been glad to adopt it if we could reasonably have done it. The construction, however, is not only forced when applied to the language quoted, but § 2 contains other language which indicates that such a construction would not accord with the intention of the legislature. Thus this section directs that, upon a proper petition, the court shall proceed, after notice to the debtor and to " the creditors *sought* to be preferred." It also directs the appointment of a receiver if it shall appear the debtor " has been *giving* or is *about to give* " preferences. The language imports that the preferences which the legislature had in mind were preferences proceeding directly from the act or conveyance of the debtor and with his volition.

The petition must therefore be dismissed.

*Petition dismissed.*

*Edwin Metcalf*, for petitioners.

*Charles H. Parkhurst*, for trustees of Sackett, Davis & Co. assenting to petition.

*Edward D. Bassett & James Tillinghast*, contra.